**Robert Tyrone MORGAN, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Appellee.**

**No. 89–5469.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 11, 1990.

Decided Jan. 18, 1991.

William F. Fox, Jr., Washington, D.C., (appointed by this Court), for appellant.

Nathan Dodell, Asst. U.S. Atty., Dept. of Justice, with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Law-rence, Asst. U.S. Attys., Dept. of Justice, Washington, D.C., were on the brief, for appellee.

Before WALD, Chief Judge,
EDWARDS and D.H. GINSBURG,
Circuit Judges.

Opinion for the Court filed by Chief Judge WALD.

WALD, Chief Judge:

Appellant Robert Tyrone Morgan filed a Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") request with the Office of the United States Attorney in Baltimore requesting handwritten "rough notes" containing a Federal Bureau of Investigation ("FBI") agent's impressions of an interview with a prosecution witness who testified in Morgan's bank robbery trial. The Department of Justice ("DOJ") denied Morgan's FOIA request because the notes had been placed under seal by the United States District Court for the District of Maryland, and the sealing order had been affirmed by the Fourth Circuit. Morgan subsequently filed a FOIA action in the United States District Court for the District of Columbia, alleging that the DOJ improperly withheld the notes. The district court dismissed Morgan's complaint and granted the DOJ's motion for summary judgment, holding that Morgan was not entitled to the notes under the FOIA because they were being lawfully withheld pursuant to a court seal. *Morgan v. U.S. Department of Justice,* Civil Action No. 89–0527 (D.D.C. Oct. 13, 1989).

We now reverse and remand for the district court to determine whether the seal in fact prohibits the DOJ from disclosing the notes to the public.

I. BACKGROUND

The facts in this case are simple and uncontested. After he was convicted of bank robbery in the United States District Court for the District of Maryland, Morgan filed a motion for a new trial, contending that the prosecution had suppressed exculpatory evidence in the form of an FBI agent's handwritten notes from an inter-

view with a prosecution witness. Morgan also filed a motion to discover the notes. After reviewing the notes *in camera,* the district court on March 24, 1987, found that the notes were not exculpatory and therefore denied Morgan's discovery and new trial motions. *United States v. Clark,* Criminal No. H–83–00351 (D.Md. Mar. 24, 1987). In connection with his appeal from that decision, Morgan moved, under Fed.R. App.P. 10(e), that the district court record be modified to include the FBI agent's notes. On September 15, 1987, the district court granted that motion but ordered that the notes be placed under seal. *United States v. Clark,* Criminal No. H–83–00351 (D.Md. Sept. 15, 1987).

After the Fourth Circuit affirmed the district court's denial of Morgan's new trial and discovery motions, Morgan moved the Fourth Circuit to unseal the notes. The Fourth Circuit denied that motion on August 17, 1988. The following day, Morgan filed a FOIA request for the rough notes.[1] When the DOJ denied his request, Morgan filed a FOIA complaint in the United States District Court for the District of Columbia. Relying on *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.,* 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980), the district court granted the DOJ's motion for summary judgment, holding that the Maryland district court and the Fourth Circuit sealing orders were not subject to collateral attack in another court under the FOIA. Morgan now appeals from that decision.

## II. ANALYSIS

As the district court recognized, the reasoning in *GTE Sylvania* provides the framework for reviewing the DOJ's decision to withhold the FBI agent's notes. In *GTE Sylvania,* consumer groups sought to obtain from the Consumer Product Safety Commission ("CPSC") accident reports from various manufacturers of television sets. Contending that the release of the reports was prohibited by the Consumer

Product Safety Act, 15 U.S.C. § 2055, the Trade Secrets Act, 18 U.S.C. § 1905, and exemptions to the FOIA, the manufacturers filed suit in the District Court of Delaware to enjoin the CPSC from disclosing the reports. *GTE Sylvania,* 445 U.S. at 378, 100 S.Ct. at 1197. The Delaware court subsequently entered a preliminary (and, eventually, a permanent) injunction prohibiting the release of the reports. The consumer groups then filed a complaint in the District Court for the District of Columbia, seeking the release of the reports under the FOIA. *Id.* The district court dismissed the FOIA suit, finding that no case or controversy existed because the CPSC had assured the court that it would disclose the reports as soon as the injunction prohibiting disclosure was removed. *Id.* at 379, 100 S.Ct. at 1197. The D.C. Circuit reversed and held that the injunction issued by the Delaware court did not deprive the consumer groups of their right to obtain the reports under the FOIA. *Id.* at 382, 100 S.Ct. at 1199.

The Supreme Court subsequently granted *certiorari* to determine whether the consumer groups could obtain the accident reports through FOIA litigation in one district court, even though another district court had enjoined the CPSC from disclosing them. *Id.* at 384, 100 S.Ct. at 1200. The Court began its analysis by explaining that the FOIA gives federal courts jurisdiction to compel an agency to produce records only if the agency has "(1) improperly (2) withheld (3) agency records." *Id.;* *see also* 5 U.S.C. § 552(a)(4)(B). Because a district court had already enjoined the CPSC from disclosing the accident reports, the Court in *GTE Sylvania* held that the CPSC did not "improperly" withhold the reports within the meaning of the FOIA. *Id.* at 387, 100 S.Ct. at 1202.

The Court based its holding in *GTE Sylvania* on two factors: (1) an agency does not abuse its discretion under the FOIA by honoring a court order enjoining the agency from releasing records because in such a

---

**1.** Morgan requested other material in addition to the FBI agent's notes, but release of the notes is the only remaining issue in the case.

case there "simply [is] no discretion for the agency to exercise," 445 U.S. at 386, 100 S.Ct. at 1201; and (2) respect for the judicial process requires the agency to honor the injunction, even if the agency objected to the issuance of the injunction in the first place. *Id.* at 386–87, 100 S.Ct. at 1201–02. The reasoning of *GTE Sylvania* thus indicates that the proper test for determining whether an agency improperly withholds records under seal is whether the seal, like an injunction, *prohibits* the agency from disclosing the records. If it does, the FOIA does not compel the agency to release the information. Because the district court in this case relied on the mere existence of the seal, without inquiring into its intended effect, it is not clear that *GTE Sylvania* governs, and a remand is necessary.

First, the district court did not determine whether the seal in this case prohibits the DOJ from releasing the FBI agent's notes in the same way that the injunction in *GTE Sylvania* prohibited the CPSC from releasing the accident reports. Although the FOIA does not "require an agency to commit contempt of court in order to release documents," *id.* at 387, 100 S.Ct. at 1202, the district court did not find that the DOJ would in fact be vulnerable to a possible contempt citation if it publicly released the notes. As discussed above, Morgan initially tried to obtain the notes through discovery in his criminal trial. Although the Maryland court denied Morgan's discovery request, it required the DOJ to put the notes into the record so that the Fourth Circuit could review its decision to deny Morgan's discovery motion. Given this context, it is quite possible that the Maryland court imposed, and the Fourth Circuit denied Morgan's motion to remove, the seal in order to protect the notes from disclosure as part of the public record of Morgan's criminal case. If this was the reason for the seal, its effect may be only to prohibit the public from viewing the notes in the public court record; it may not have been intended to affect any future decision by the DOJ to release the notes voluntarily or pursuant to a FOIA request. *Cf. In re Agent Orange Product Liability Litigation,* 104 F.R.D. 559, 566, 575–77 (E.D.N.Y. 1985) (although protective order and seal of confidentiality covering documents produced by Veterans Administration and Environmental Protection Agency in course of "agent orange" litigation prohibited the public from viewing the documents in the court record, the government conceded that it did not prevent the agencies from disclosing the documents under the FOIA), *aff'd,* 821 F.2d 139 (2d Cir.1987).[2]

**2.** Typically, when the government opposes a defendant's discovery request because, for example, disclosure would compromise a witness or law enforcement technique, the court inspects the documents *in camera.* If the court denies the discovery request, in whole or in part, it generally orders the documents sealed for purposes of appellate review. *See generally* Fed.R. Crim.P. 16(d)(1); 2 Wright, Federal Practice and Procedure § 258 (2d ed. 1982); *United States v. Pelton,* 578 F.2d 701 (8th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *see also United States v. Buckley,* 586 F.2d 498, 506 & nn. 6–7 (5th Cir.1978), *cert. denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979) (in addition to denying defendant's discovery request and placing FBI files under seal for purposes of appellate review, the court held that the defendant could not rely on the FOIA to support his claim of entitlement to the files because the files were exempt from disclosure under FOIA exemption 7). The sealing order thus ensures that the sealed documents will not be disclosed in the public record of the criminal proceeding. However, Rule 16(d)(1) also authorizes the court to permit discovery but to issue "enforceable orders against unwarranted disclosure" of the information. *Alderman v. United States,* 394 U.S. 165, 185, 89 S.Ct. 961, 972, 22 L.Ed.2d 176 (1969) (discussing former Rule 16(e), which is now embodied in Rule 16(d)(1)).

Fed.R.Civ.P. 26(c) similarly gives the court the discretion both to place documents in the court record under seal and to issue detailed protective orders prohibiting disclosure of documents obtained through discovery. *See generally* Fed. R.Civ.P. 26(c); 8 Wright & Miller, Federal Practice and Procedure § 2042 (1970) (although "[o]rdinarily a deposition is a public document freely open to inspection after it is filed with the clerk," the court may deny public access by placing the deposition under seal; and "[i]f a court orders a deposition sealed it normally prohibits the parties and attorneys from making any disclosure of the contents of the deposition to any third party."); *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249 (4th Cir.1988) (finding that the factors justifying a protective order prohibiting the parties from disclosing information obtained during discovery do not

Second, the release of the notes by the DOJ would not necessarily evince a lack of respect for the judicial process. The DOJ argues that Morgan may not use this FOIA litigation to wage a collateral attack on the sealing orders of the Maryland district court and the Fourth Circuit. But as we recognized in *North v. Walsh*, 881 F.2d 1088 (D.C.Cir.1989), a defendant's right to obtain information from the government in discovery under the Federal Rules of Criminal Procedure is separate and independent from his right to obtain the information under the FOIA. "Indeed, there are situations in which FOIA will permit access to information that would not be available through discovery." *Id.* at 1096 (internal citations omitted).[3] Thus whether Morgan's FOIA litigation is an impermissible collateral attack on the sealing order depends on the intended effect of the sealing order. If the seal was designed only to prohibit Morgan from obtaining the notes from the court record of his criminal trial, Morgan's FOIA complaint is a valid attempt to obtain the notes under the FOIA, not a collateral attack on the sealing order. Similarly, if the seal was not intended to prohibit the DOJ from releasing the notes, the DOJ shows no lack of respect for the judicial process or the Maryland court order by granting Morgan's FOIA request.

As in any FOIA case, the DOJ on remand will have the burden of proving that it did not "improperly withhold" the notes. *See* 5 U.S.C. § 552(a)(4)(B); *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 109 S.Ct. 2841, 2846 n. 3, 106 L.Ed.2d 112 (1989). In other words, the DOJ will have the burden of demonstrating that the court issued the seal with the intent to prohibit the DOJ from disclosing

the notes as long as the seal remains in effect. The DOJ may do this by referring to, *inter alia:* (1) the sealing order itself; (2) extrinsic evidence, such as transcripts and papers filed with the sealing court, casting light on the factors that motivated the court to impose the seal;[4] (3) sealing orders of the same court in similar cases that explain the purpose for the imposition of the seals; or (4) the court's general rules or procedures governing the imposition of seals. If the district court finds that the sealing order does prohibit the DOJ from releasing the notes, the DOJ is entitled to summary judgment; and, as long as the seal remains in effect, neither Morgan nor any other member of the public may obtain the notes.

We recognize, however, that it may be impossible to determine the scope and effect of the seal from the face of the seal and the circumstances attending its imposition. Thus in order to meet its burden of proof, the DOJ may need to seek a clarification from the court that issued the seal. So long as the DOJ is diligently pursuing such an authoritative interpretation of the seal, the district court would reasonably exercise its discretion by staying its hand, on the government's motion, to allow a reasonable period of time for the DOJ to seek a clarification from the court that issued the seal. If the DOJ obtains a clarifying order stating that the seal prohibits disclosure, the DOJ is obviously entitled to summary judgment. If, on the other hand, the clarifying order states that the seal does not prohibit disclosure, the DOJ may not rely on the seal to justify its decision to withhold the notes. At that point, unless a specific FOIA exemption applies, the DOJ

---

necessarily justify the continued existence of a seal prohibiting public access to documents in the court record). In both civil and criminal cases, therefore, a court may issue a protective order that specifically prohibits future disclosure of discovery information. Such a protective order would, of course, meet the *GTE Sylvania* test and would justify the agency's decision to deny a FOIA request for the information.

**3.** In *North*, we reviewed the Office of Independent Counsel's ("OIC") decision to deny Oliver North's FOIA request for documents concerning

the OIC's criminal investigation of his participation in the Iran/Contra affair. We note that although the court in North's criminal trial had previously denied North's motions to obtain the documents through discovery and had placed some of them under seal, the OIC did not contend that the seal prohibited disclosure of the documents pursuant to a FOIA request.

**4.** We note that the government does not appear to have opposed Morgan's motion to unseal the notes, and the Fourth Circuit did not discuss its reasons for denying the motion.

would have to grant Morgan's FOIA request.[5]

### III. CONCLUSION

In sum, we hold that the mere existence of a court seal is, without more, insufficient to justify nondisclosure under the FOIA. Instead, only those sealing orders intended to operate as the functional equivalent of an injunction prohibiting disclosure can justify an agency's decision to withhold records that do not fall within one of the specific FOIA exemptions. Because the

district court relied on the existence of the court seal, without inquiring into its intended effect, we reverse and remand for proceedings consistent with this opinion.

*It is so ordered.*

5. Because the DOJ claimed that the seal prohibited it from disclosing the notes, it did not consider whether the notes fall within any of the FOIA exemptions. Thus, if the court determines that the seal does not prohibit disclosure, the DOJ should have the opportunity to show that one of the FOIA exemptions authorizes it to withhold the notes.