# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 25, 2015     Decided February 12, 2016

No. 14-5215

JUDICIAL WATCH, INC.,
APPELLANT

v.

UNITED STATES DEPARTMENT OF JUSTICE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01344)

———

*Michael Bekesha* argued the cause and filed the briefs for appellant.

*Gerard J. Sinzdak*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney at the time the brief was filed, and *Michael S. Raab*, Attorney.

Before: PILLARD and WILKINS, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge:* Judicial Watch, an organization that aims "to educate the public about the operations and activities of government," sent a Freedom of Information Act (FOIA) request to the Department of Justice seeking records of the Department's settlement discussions in an ongoing lawsuit. The Department denied the request on the ground that the requested documents had been placed under seal by the district court (Jackson, J.) in a prior proceeding. Judicial Watch sued to compel disclosure, the district court (Leon, J.) granted summary judgment for the Department, and Judicial Watch appealed to this court. We vacate the judgment of the district court, and remand this case so the Department can seek clarification from Judge Jackson about the intended effect of her purported sealing order.

## I. Background

In October 2011, the House Committee on Oversight and Government Reform subpoenaed Attorney General Eric Holder for documents related to the "Fast and Furious" operation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). *Comm. on Oversight and Gov't Reform v. Holder*, 979 F. Supp. 2d 1, 4 (D.D.C. 2013). "Fast and Furious" refers to a series of "gunwalking" operations in which the ATF knowingly allowed firearms dealers in Arizona to sell to "straw" purchasers – buyers acting on behalf of others who legally could not purchase a gun - in hopes of tracking the guns to Mexican drug cartels, but the program was unsuccessful and, once it became public, very controversial. *Id.* at 5.

When the Attorney General refused to produce some of the subpoenaed records on the ground of executive privilege, the House Committee sued to enforce its subpoena. *Id.* at 3. The case came before District Judge Amy Berman Jackson,

who encouraged the parties to discuss a settlement but declined to involve herself in any settlement negotiations. Tr. of 1/10/13 Status Conf., at 8, *Holder*, No. 12-cv-1332. Specifically, after referring to then-ongoing settlement discussions, Judge Jackson stated, "I don't know what you said. I don't want to know." *Id.*

Instead, Judge Jackson noted on multiple occasions that the case would be a good candidate for mediation and that a senior district judge had agreed to serve as a neutral mediator. *See, e.g.*, *id.* at 8-9. The judge indicated she would order mediation if the parties requested it and possibly even if they did not. *Id.* at 11. Finally, on March 18, 2013, at the Department's request, Judge Jackson referred the case to mediation.

Two days later, Judicial Watch made a FOIA request of the Department seeking:

> Any and all records of communications, correspondence, and contacts between the Department of Justice and the House Committee on Oversight and Government Reform concerning or relating to a settlement in *Committee on Oversight and Government Reform v. Holder*, 1:12-cv-01332, U.S. District Court, District of Columbia (Washington). Such records include, but are not limited to, records of the settlement discussions themselves.

The request covered all such records created between October 1, 2012, and March 20, 2013. The Department located eight responsive documents comprising 32 pages, but on May 3, 2012, it refused to release them, explaining:

> All of the information responsive to your request is withheld in full. . . . [T]he information is, among other things, subject to court-imposed non-disclosure requirements. Accordingly, the Civil Division is prohibited from releasing this information to you.

Judicial Watch filed an administrative appeal with the Department's Office of Information Policy, which affirmed the initial denial.

On September 5, 2013, Judicial Watch sued the Department in the district court, seeking the same eight documents. The parties cross-moved for summary judgment, and the district court, through Judge Leon, held in favor of the Department on the ground that the Department lacked discretion to release the responsive documents. *See Judicial Watch, Inc. v. United States Dep't of Justice*, 65 F. Supp. 3d 50 (D.D.C. 2014). Specifically, Judge Leon held Judge Jackson's remark at the January 10, 2013 status conference in the predicate House Committee litigation – "I don't know what you said. I don't want to know." – was "an *explicit* statement from Judge Jackson instructing the parties to keep the substance of their settlement discussions private," so "there can be no doubt that there was a valid court-imposed restriction prohibiting disclosure." *Id.* at 56. Alternatively, the court concluded that disclosure was prohibited by the district court's Local Civil Rule 84.9, which prohibits disclosure of "any written or oral communications made in connection with or during any mediation session." *Id.* at 55. Judicial Watch then brought this appeal.

## II. Analysis

The FOIA generally gives members of the public the right to access records held by the federal government. The statute gives federal courts jurisdiction to compel production of records if an agency has "(1) improperly (2) withheld (3) agency records." *GTE Sylvania, Inc. v. Consumers Un. of the United States, Inc.*, 445 U.S. 375, 384 (1980) (describing 5 U.S.C. § 552(a)(4)(B)). An agency is not required to produce a responsive record if the record comes within any of the nine statutory exemptions. *See* 5 U.S.C. § 552(b). In addition, withholding a record the disclosure of which a court has enjoined is not "improper": "There simply [is] no discretion for the agency to exercise" in such cases. *GTE Sylvania*, 445 U.S. at 386; *see also id.* at 387 (explaining that the Congress did not intend to require an agency "to commit contempt of court in order to release documents"). We review de novo the district court's grant of summary judgment in a FOIA case. *Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1111-12 (D.C. Cir. 2007).

## A. Judge Jackson's Sealing Order

The test for determining whether an agency has improperly withheld records placed under seal by a court is "whether the seal, like an injunction, *prohibits* the agency from disclosing the records." *Morgan v. United States Dep't of Justice*, 923 F.2d 195, 197 (D.C. Cir. 1991). That test requires us to examine (1) any explicit sealing order from the court, if there is one; (2) extrinsic evidence about the intended scope of a purported sealing order; (3) orders of the same court in similar circumstances; and (4) the issuing court's general rules or procedures. *See id.* at 197-98. The government has the burden of proving an order prohibits disclosure. *See id.* at 198.

The government has not carried its burden in this case. First, Judge Jackson's statement, "I don't want to know," clearly bars the parties from divulging the contents of their settlement discussions only to her; a broader bar, if any, would have to be inferred for it is not explicit. The Department offers a good reason Judge Jackson might have wanted to prohibit disclosure to third-parties – because protection from disclosure promotes more open dialogue during settlement – but there is no extrinsic evidence that was what the judge intended; indeed, that concern is nowhere mentioned in the record in this case, and it is equally plausible that Judge Jackson wanted simply to preserve her objectivity in case she ultimately were to preside over a trial. Nor has the Department pointed to extrinsic evidence, such as information that the district court customarily protects the confidentiality of settlement discussions before a case is referred to mediation, that supports its preferred reading. Accordingly, the intended effect of Judge Jackson's order is ambiguous.

An ambiguous court order does not protect a record from disclosure pursuant to the FOIA. In *Morgan*, a criminal defendant alleged the prosecution had suppressed exculpatory handwritten notes of an interview with a witness. 923 F.2d at 195-96. After denying Morgan's motion for a new trial, the district court added the notes to the record but sealed them, and the Fourth Circuit affirmed the sealing order. The defendant then filed a FOIA request with the Department, and when that was denied, brought a lawsuit in the district court here in D.C., which dismissed his FOIA action on the ground that it was an impermissible collateral attack on the decision of the Fourth Circuit. On appeal, we explained that "whether Morgan's FOIA litigation is an impermissible collateral attack on the sealing order depends on the intended effect of the sealing order." *Id.* at 198. Because such intent was not

evident from the record, we remanded the matter for further proceedings. At the same time, we recognized that

> it may be impossible to determine the scope and effect of the seal from the face of the seal and the circumstances attending its imposition. Thus, in order to meet its burden of proof, the DOJ may need to seek a clarification from the court that issued the seal.

*Id.* The same situation obtains here.

At oral argument, Judicial Watch raised no objection to our remanding the case for clarification and acknowledged that Judge Jackson's explanation would be dispositive. Accordingly, we vacate the judgment of the district court and remand this matter to Judge Leon in order to give the Department an opportunity to seek clarification from Judge Jackson regarding the intended effect and scope of her order. *See, e.g.*, *Awan v. United States Dep't of Justice*, 46 F. Supp. 3d 90, 92 (D.D.C. 2014) (denying a FOIA request after the defendants produced an order from the issuing court confirming that the document in question was sealed). The district court shall "stay[] its hand . . . to allow a reasonable period of time for the DOJ to seek a clarification," and for "so long as the DOJ is diligently pursuing [it]." *Id.*

## B. Local Rule 84.9

The district court held, in the alternative, that disclosure was prohibited by its Local Rule 84.9:

> The Court hereby prohibits the mediator, all counsel and parties and any other persons

> attending the mediation from disclosing any written or oral communications made in connection with or during any mediation session.

According to the district court, the requested communications were "made in connection with" mediation, even though the case had not yet been referred to the court's mediation program. *Judicial Watch*, 65 F. Supp. 3d at 55. This interpretation of the rule presents difficult questions. On the one hand, a district court's interpretation of its own rules is, as the Department argues, entitled to deference. *See Texas v. United States*, 798 F.3d 1108, 1115 n.2 (D.C. Cir. 2015) ("Every circuit . . . defers to their district courts' interpretation . . . of local rules. The federal court system could not fairly function otherwise.") (internal citations omitted). On the other hand, Local Rule 84(b) explicitly provides that "[t]hese Rules apply only to mediation proceedings that are formally conducted through the United States District Court's Mediation Program." Further, it is not established whether Local Rule 84.9, if it applies, would resolve the FOIA question because local rules do not clearly fit within a recognized FOIA exemption.

Resolution of this apparent conflict may be unnecessary depending upon whether Judge Jackson intended her order to bar disclosure. Accordingly, we need not resolve the question now and depending upon further proceedings in the district court, may not have to do so later.

### III. Conclusion

This case is remanded to the district court for further proceedings consistent with the foregoing opinion.

*So Ordered.*