NOT FOR PUBLICATION

FILED

JUL 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD DEAN HOHNER, | No.    18-55886 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07967-GW-PLA |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, U.S. Dept. of Homeland Security; U.S. Customs Service; U.S. Immigration and Customs Enforcement, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 11, 2020
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and Y. GONZALEZ ROGERS,[***] District Judge.

Edward Dean Hohner appeals from a summary judgment in favor of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

defendants in his action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam). We affirm.

FOIA confers jurisdiction on district courts to compel agencies to release "(1) improperly (2) withheld (3) agency records." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 384 (1980) (citation omitted). An agency is not required to produce responsive documents if they fit within one of nine statutory exemptions. *See* 5 U.S.C. § 552(b). An agency also properly withholds documents that are subject to an injunction prohibiting their release because, under those circumstances, the agency has no discretion to exercise. *See GTE Sylvania,* 445 U.S. at 386-87. Additionally, there is no indication that Congress intended FOIA to "require an agency to commit contempt of court in order to release documents." *Id*. at 387.

After filing this FOIA action, Hohner narrowed its scope to certain documents withheld by Immigration and Customs Enforcement ("ICE"). The district court granted summary judgment in favor of the government because the documents at issue were subject to a 1998 sealing order issued by the United States District Court for the Southern District of California and that court later issued a clarifying order stating that the sealing order was intended to prohibit the

disclosure of those documents. The district court relied on *Morgan v. United States Dep't of Justice*, 923 F.2d 195, 196-98 (D.C. Cir. 1991), and concluded that the rationale in *GTE Sylvania* extends to a sealing order when the issuing court intends for the sealing order to operate like an injunction by prohibiting the disclosure of sealed records. *See id.* (citing *GTE Sylvania*, 445 U.S. at 384, 386-87).

The government bears the burden of showing that a sealing order prohibits disclosure of relevant agency records requested under FOIA. *See United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) ("[T]he strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents."). Here, in support of its motion for summary judgment, the government submitted the district court's sealing order and the subsequent order clarifying that the sealing order was intended to prohibit disclosure of the documents at issue. Considering both the sealing order and the clarifying order, there was no genuine issue on whether ICE lacked discretion to disclose the documents and, thus, the agency properly withheld the documents. *See GTE Sylvania,* 445 U.S. at 386-87. The district court properly granted summary judgment.

**AFFIRMED.**

3