**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRISON ORR, | No. 18-16929 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00585-WBS-EFB |
| v. | |
| BRAME, Officer, California Highway Patrol; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 3, 2019
San Francisco, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and CHOE-GROVES,[**]
Judge.

Harrison Orr appeals the district court's post-judgment attorneys' fee order.

Reviewing for abuse of discretion, *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir.

1991), we affirm in part, reverse in part, and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Following an incident with two California Highway Patrol officers, plaintiff Harrison Orr filed suit against the Highway Patrol and the officers under 42 U.S.C. § 1983 for violating his constitutional rights. Orr obtained a favorable jury verdict and was awarded $125,000 in compensatory damages. Orr now challenges, for the second time, the district court's order partially denying his motion for attorneys' fees under 42 U.S.C. § 1988. We vacated the district court's prior order ("First Fees Order") limiting the fee award and remanded for further proceedings. *See Orr v. Brame*, 727 F. App'x 265 (9th Cir. 2018) [hereinafter, "*Orr I*"]. On remand, the district court addressed Orr's original request for attorneys' fees—significantly reducing the lodestar amount due to Orr's "limited success"—as well as related issues that arose since the first appeal ("Remand Order"). We have jurisdiction under 28 U.S.C. § 1291.

**1.** The district court abused its discretion in concluding Orr achieved only a "limited success." After Orr was punched in the stomach by Officer Plumb, arrested, and then left in a cell for several hours, a jury returned a verdict in Orr's favor for $125,000. The jury specifically found Officer Plumb liable for excessive force, battery, false arrest, and interfering with Orr's civil rights. Orr succeeded at trial only after the government declined to make any offers of settlement, thus belying the district court's characterization of Orr's case as an easy case. The district court's assumption that Orr could have obtained greater damages for the

same harm if the jury had also found Officer Brame liable was speculative. Thus, even without considering the deterrent effect of the jury verdict or Orr's success in prevailing on three appeals following the jury verdict, Orr achieved "excellent results." He is entitled to a reasonable lodestar amount without any "limited success" reduction. *See Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019), *cert. denied sub nom. Dep't of Homeland Sec. v. Ibrahim*, No. 18-1509, 2019 WL 5150733 (U.S. Oct. 15, 2019) (explaining that a prevailing party's "excellent results" warrant a full fee award).

**2.** The district court abused its discretion in reducing Orr's requested hours for work performed on remand from 99.75 to 10. In *Orr I*, we vacated the First Fees Order and instructed the district court to recalculate fees and to "reconsider or otherwise justify" its lodestar reduction. 727 F. App'x at 269–70. Because "the rule of mandate allows a lower court to decide anything not foreclosed by the mandate," *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012), the district court could have fully reconsidered Orr's entire fee award. Moreover, given our specific instructions to "reconsider or otherwise justify" the reduction, it was reasonable for Orr's attorneys to litigate any reduction-related issue, including the extent of Orr's success. And yet, the district court awarded fees only for time spent addressing "the deterrent effect" of the jury's award. There is no basis for the district court's limitation given that the court did not meaningfully address the

3

"deterrent effect" issue, instead expanding upon its "limited success" rationale. On remand, Orr's counsel should be compensated for litigating any issue fairly subsumed in the lodestar calculation, including the extent of Orr's success, as well as issues that arose only after *Orr I* was decided, such as the time spent litigating the reasonable 2018 rates.

**3.** The district court did not abuse its discretion in setting reasonable rates for work performed before the first appeal ("the 2015 rates").[1] In a reasoned discussion, the district court considered declarations from Orr's counsel and others submitted by Orr, explained when it found certain declarations unpersuasive or unhelpful to the court's analysis, and analyzed Sacramento rates awarded in similar cases as recently as within nine months of the fee award. The court did not abuse its discretion in finding rates ranging from $400 to $150 were reasonable.

**4.** In contrast to its discussion of reasonable hourly rates in 2015, the district court's order on remand lacks any meaningful explanation of the reasonable hourly rates in 2018 ("the 2018 rates"). Instead, the court simply re-invoked the 2015 rates and added a $30 enhancement, without discussion of why the 2015 rates are an appropriate anchor or why an increase in $30 is reasonable. The district court

---

[1] The district court's Remand Order impliedly incorporates the discussion of the 2015 rates from the First Fees Order by using the lodestar figure calculated in the prior order. Thus, we consider the district court's discussion in the First Fees Order here.

4

thus failed to provide a "concise but clear explanation of its reasons for the fee award," which is necessary for appellate review. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1045 (9th Cir. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). On remand, the district court should fully explain its reasons in determining a reasonable hourly rate for work performed after *Orr I*.

**5.** The district court did not abuse its discretion on remand when it declined to enhance the risk multiplier. Under state law, the district court had discretion whether to apply any risk multiplier at all. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001). The district court applied a modest multiplier, and Orr does not provide any basis for concluding the district court abused its discretion in not enhancing it.

**6.** The district court did not abuse its discretion in declining to adjust the hourly rates for delay in payment. Neither of Orr's cited cases require an adjustment in these circumstances. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283–84 (1989) (holding that delay is an "appropriate factor" in determining reasonable fees); *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016) (requiring delay payments in common fund cases). Here, the district court cited *Jenkins* and considered the delay, but declined to make an adjustment, which was not an abuse of discretion.

In sum, we affirm the district court's determination of the 2015 hourly rates,

its application of a modest risk multiplier, and its denial of an adjustment for delay in payment. We reverse, however, the district court's application of a "limited success" reduction and its award of fees only for time spent addressing "the deterrent effect" of the jury's award on remand. We vacate the district court's 2018 hourly rates determination and remand for the district court to provide a "clear and concise explanation" of reasonable rates.

**AFFIRMED in part; REVERSED in part; VACATED in part; and REMANDED.** The parties shall bear their own costs on appeal.