**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGUERITE HIKEN; THE MILITARY LAW TASK FORCE, *Plaintiffs-Appellants*, | No. 13-17073 |
| | D.C. No. 4:06-cv-02812-YGR |
| v. | |
| DEPARTMENT OF DEFENSE; UNITED STATES CENTRAL COMMAND, *Defendants-Appellees.* | OPINION |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted November 20, 2015
San Francisco, California

Filed September 6, 2016

Before: William A. Fletcher, Johnnie B. Rawlinson,
and Barrington D. Parker, Jr.[*]

Opinion by Judge Parker;
Dissent by Judge Rawlinson

---

[*] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

## SUMMARY[**]

### Attorneys' Fees

The panel vacated the district court's initial attorneys' fee award to plaintiffs under 5 U.S.C. § 552(a)(4)(E) after plaintiffs substantially prevailed in a Freedom of Information Act action brought against the federal government, and remanded for recalculation of attorneys' fees.

The district court on initial review awarded plaintiffs attorneys' fees calculated at $200/hour, which was well below the current billing rates for its attorneys. The district court, upon a motion to reconsider, determined that the first judge had not erred in awarding only $200 an hour.

The panel held that notwithstanding plaintiffs' failure to designate for appeal the district court's underlying fee order, plaintiffs' intent to appeal the underlying fee award was apparent from both the factual circumstances and plaintiffs' extensive briefing on the issue. The panel exercised its discretion, and considered the merits of the underlying fee award.

The panel held that consistent with its burden, plaintiffs provided substantial evidence of the prevailing market rate for the applicable periods, and this evidence was properly submitted to the district court. The panel further held that in determining that prevailing market rate, the district court

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

relied on authority that was not apposite, and failed to provide a requisite clear explanation for the fee award.

Finally, the panel held that plaintiffs fell within the class of litigants entitled to attorneys' fees on appeal, and may request attorneys' fees on appeal in accordance with Ninth Circuit Rule 39-1.6.

Judge Rawlinson dissented because she would hold that plaintiffs did not timely appeal the underlying fee award, and that the district court acted within its discretion in calculating the fee award. She would affirm the district court.

## COUNSEL

Colleen Flynn (argued), Los Angeles, California; W. Gordon Kaupp, Arce Law Group PC, New York, New York; Chris Ford, Law Office of Chris Ford, Phoenix, Arizona; for Plaintiffs-Appellants.

Gerard Sinzdak (argued), H. Thomas Byron III, and Dara S. Smith, Civil Division, Department of Justice, Washington, D.C.; for Defendants-Appellees.

## OPINION

PARKER, Senior Circuit Judge:

In February 2012, Plaintiffs-Appellants Marguerite Hiken and the Military Law Task Force (together, "MLTF") substantially prevailed in a Freedom of Information Act ("FOIA") action brought against Defendants-Appellees the Department of Defense and United States Central Command (together, the "Government"). In June 2012, MLTF filed a motion for attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), requesting that the court award it fees consistent with the current billing rates for its attorneys. MLTF submitted evidence relating to the prevailing historical market rate for the pertinent geographic locations and time period, but did not argue for any fees except the current billing rates for its attorneys. Among other things, the Government argued that MLTF was only entitled to fees based on the prevailing market rate, which the Government argued was $200 an hour. The district court (Ware, *C.J.*) granted the motion in part, awarding MLTF attorney fees calculated at $200 an hour, which was well below the current billing rates for its attorneys.

MLTF moved to alter or amend the judgment. The Magistrate Judge to whom the motion was assigned determined that the district court had erred in failing to consider MLTF's evidence of the prevailing market rate, and recommended an award higher than that ordered by the district court.

The district court (Rogers, *J.*), upon the Government's motion to consider the issue *de novo*, determined that the first judge had not erred in awarding only $200 an hour. The

district court pointed out that MLTF had not argued for any rate except its attorneys' current billing rate, and thus took the risk that the court would reject the higher billing rate and accept the Government's proposed billing rate. The district court held that MLTF was not entitled to raise a new argument on its motion to amend the judgment. MLTF appealed. For the reasons set forth, we VACATE the district court's initial fee award and REMAND the case for further proceedings consistent with this opinion.

## BACKGROUND

A. *MLTF Successfully Sues the Government Under FOIA*

Military Law Task Force is a subcommittee of the National Lawyers Guild that addresses military law issues. Marguerite Hiken is the co-chairperson of MLTF. In March 2005, MLTF made a request pursuant to FOIA, seeking information from the Government relating to an incident in Iraq involving an Italian journalist, and other information relating to the Rules of Engagement in effect during the U.S. military's involvement in Fallujah, Iraq. The Department of Defense ("DOD") referred MLTF to United States Central Command (CENTCOM), which in turn acknowledged receipt of MLTF's request and subsequently denied the request in August 2005. MLTF appealed the denial to DOD. After DOD informed MLTF that it would not be able to complete the appeal process within the time limit set by FOIA, MLTF commenced this action seeking disclosure of the documents.

At the outset of the litigation, DOD contended that it had diligently searched its records and uncovered responsive but confidential documents. At MLTF's urging, DOD conducted further review and ultimately located an additional number of

responsive documents. Redacted versions of those documents were produced to MLTF. In October 2007, the parties cross-moved for summary judgment, and the district court (Patel, *J.*) denied both motions, ordering certain documents to be submitted to her for in camera review.

Following submission of the additional documents requested by the court, the parties renewed their cross-motions for summary judgment, and in February 2012, the district court granted each motion in part and ordered the Government to turn over certain additional documents.[1] After the case was transferred to then-Chief Judge Ware, the Government moved for clarification and partial reconsideration. The district court granted the motion in part and allowed the Government to withhold certain additional documents.

## B. *MLTF Seeks Attorney Fees*

In June 2012, MLTF moved for attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). MLTF argued, first, that it had substantially prevailed in the litigation, making it eligible for fees and costs under § 552(a)(4)(E). MLTF also argued that it was entitled to attorney fees because the public interest was benefitted by the disclosure of the documents, MLTF's interest in the documents was aligned with that public interest, and there was no reasonable basis for the Government's withholding of the documents.

---

[1] A partial impetus for the district court's order was that certain documents were no longer properly classified as confidential because the U.S. government had declared an end to Operation Iraqi Freedom.

MLTF proposed the amount of fees pursuant to the "lodestar" method, and argued that the district court should defer to MLTF's attorneys' current billing rates and their judgment about the number of reasonable hours expended. MLTF directed the district court to the declarations of its attorneys describing fees awarded to them in similar circumstances, but only requested that the district court award them fees based on its attorneys' current billing rates. MLTF requested a fee award of $381,633.99.

The Government opposed the motion, arguing that although MLTF was eligible for fees, it was not entitled to them because the Government had articulated a reasonable basis for withholding the documents and because MLTF had submitted an unreasonably high fee request. The Government further argued that, even if MLTF was entitled to fees, its award should be substantially lower than requested. The Government argued that the hours billed should be reduced because of MLTF's limited success on some issues and because the hours billed represented duplicative work. Finally, the Government contended that MLTF's attorneys were not entitled to their current billing rate, and that MLTF had failed to submit evidence of the reasonableness of their fees. The Government suggested a rate of $200 an hour instead.

C. *The District Court Grants MLTF a Portion of the Requested Fees*

On August 21, 2012, Judge Ware granted MLTF's motion in part, awarding $180,520 in fees and $1,059.99 in costs. He held that MLTF was both eligible for, and entitled to, fees and costs, but rejected MLTF's request for fees based on current billing rates. He observed that "the bulk of the

litigation in this case took place between 2006 and 2008," and thus, he "[did] not look to the attorneys' current rates, but instead look[ed] to prevailing market rates between 2006 and 2008." *Hiken v. Dep't of Def.*, No. C 06-02812 JW, 2012 WL 3686747, at \*5 (N.D. Cal. Aug. 21, 2012). He noted that "Plaintiffs fail[ed] to provide evidence of prevailing market rates in this forum during the time period at issue." *Id.* He then cited two cases from the Northern District of California, *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010), and *Pande v. ChevronTexaco Corp.*, No. C 04-05107 JCS, 2008 WL 906507 (N.D. Cal. Apr. 1, 2008), and determined that, consistent with those decisions, a reasonable rate for all of MLTF's attorneys was $200 an hour. Judge Ware declined, however, to reduce the number of billable hours, and granted a fee award of $180,520.

D. *MLTF Moves to Amend the Judgment*

In September 2012, MLTF moved pursuant to Rule 59(e) to amend the judgment on the ground that the district court had improperly calculated the fee award. MLTF argued that, contrary to the district court's opinion, it had submitted evidence of the prevailing market rates from 2006 and 2008, and that the court's calculation had resulted in an unreasonably low award. The Government argued that the district court had properly considered historical rates in arriving at the hourly rate, and that the total award was more than reasonable because MLTF had been compensated for all of its billed hours, despite being only partially successful in the litigation.

The motion was referred to a magistrate judge (Westmore, J.), who recommended that MLTF's motion be granted because MLTF had, in fact, submitted declarations

showing the prevailing market rates during the applicable period, and thus the district court's finding to the contrary was clear error. Finding that MLTF had submitted adequate evidence, Judge Westmore undertook her own examination of the prevailing rates and determined that an appropriate fee award would be $257,776.50. She supported her recommendation by creating a chart showing the appropriate billing rate for each attorney during the relevant periods.

The Government moved for the district court to consider MLTF's motion *de novo*. Judge Rogers, newly assigned to the case, largely rejected the Magistrate's recommendation and held that Judge Ware had properly assigned a rate of $200 an hour. Without passing on the sufficiency of MLTF's evidence, Judge Rogers noted that although MLTF had submitted declarations attesting to the historical billing rates, it "did not actually argue in the Fee Motion for any rates other than their current billing rates, nor did [it] provide any analysis on what reasonable historical rates would have been for each of the attorneys during the time worked." *Hiken v. Dep't of Def.*, No. 06-cv-02812-YGR, 2013 WL 4496336, at *4 (N.D. Cal. Aug. 19, 2013). She went on to hold that Judge Ware had not committed plain error in finding that "Plaintiffs fail[ed] to provide evidence of the prevailing market rates," because such a statement "does not compel the conclusion that he did not consider the scant evidence now highlighted by Plaintiffs, especially in light of the parties' arguments in the Fee Motion briefing." *Id.* at *6. Judge Rogers concluded that Judge Ware's fee award was not the result of manifest injustice or clear error, and consequently denied MLTF's motion to amend the judgment.

MLTF filed this appeal, purporting to appeal:

> Order Granting Defendants; Motion for De
> Novo Determination of Dispositive Matter
> Referred to Magistrate Judge; Adopting in
> Part Report and Recommendations That
> Plaintiffs; Motion to Alter or Amend the
> Judgment be Granted; and Denying Plaintiffs'
> Motion to Alter or Amend Judgment Per. Fed.
> Rule of Civ. Pro. 59(e), Dkt. No. 145, entered
> in this action on August 19, 2013.

ER 94. The Notice of Appeal did not mention the underlying
fee award.

## STANDARD OF REVIEW

A district court's award of attorney fees under FOIA is
reviewed for abuse of discretion, with *de novo* review being
afforded to questions of law. *Or. Nat. Desert Ass'n v. Locke*,
572 F.3d 610, 613–14 (9th Cir. 2009). A district court's
denial of a Rule 59(e) motion to amend judgment is similarly
reviewed for abuse of discretion. *Int'l Rehab. Scis. Inc. v.
Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012).

## DISCUSSION

## I.  Review of the Underlying Fee Award

Before engaging the merits of this appeal, we must first
determine the precise issue which is being appealed. MLTF
has only noticed for appeal Judge Rogers's denial of its
motion to amend judgment. This sets a high bar for MLTF.
A motion to amend judgment may only be granted where:
"1) the motion is 'necessary to correct *manifest errors of law
or fact upon which the judgment is based;*' 2) the moving

party presents 'newly discovered or previously unavailable evidence,' 3) the motion is necessary to 'prevent manifest injustice,' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)). By contrast, we may reverse a district court's underlying fee award upon a finding that the court abused its discretion by committing an error of law, whether manifest or not.

The import of MLTF's deficient notice of appeal is apparent to the parties. The Government points out that MLTF failed to notice the underlying fee award, and argues that there is no basis to review that earlier order. MLTF, perhaps realizing its error only after it was pointed out by the Government, argues in its reply brief that this Court has discretion to review the underlying award, notwithstanding MLTF's procedural error.

MLTF's notice of appeal is plainly deficient. But MLTF is correct that our review is nonetheless properly directed at Judge Ware's underlying fee award, and not at the subsequent order denying MLTF's motion to amend judgment. We allow a party to argue the merits of an order not appearing on the face of an appeal after considering: "(1) whether the 'intent to appeal a specific judgment can be fairly inferred' and (2) whether 'the appellee [was] prejudiced by the mistake.'" *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003) (alteration in original) (quoting *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir. 1994)). Intent to appeal the underlying order may be inferred where only the denial of a motion for reconsideration appears on the face of the appeal. *Id.* (citing *United States v. Belgarde*, 300 F.3d 1177, 1180

(9th Cir. 2002); *McCarthy v. Mayo*, 827 F.2d 1310, 1313–14 (9th Cir. 1987)).

In *Lolli*, the notice of appeal only mentioned the denial of the motion for reconsideration of an adverse summary judgment order, and did not specify an intention to appeal the summary judgment order itself. 351 F.3d at 414. We nonetheless reviewed the summary judgment order directly because the appellant's "intent to appeal the summary judgment order can be inferred, as we frequently have done when a party appeals after its motion for reconsideration was denied." *Id.* We went on to hold there was no prejudice to the defendants where the appellant had provided a "full discussion" of the summary judgment order in its opening brief, and the defendants had provided a "detailed response" in their answering brief. *Id.* at 414–15.

This case fits comfortably within those principles. Notwithstanding MLTF's failure to designate for appeal Judge Ware's underlying fee order, MLTF's intent to appeal the underlying fee award is apparent from both the factual circumstances and MLTF's extensive briefing on the issue. The Government also cannot demonstrate prejudice. It had, and took advantage of, an opportunity to argue the merits of the underlying award in its opposition brief. Although the dissent is "not persuaded that the 'fair inference' of an intent to appeal should be so facilely bestowed upon Appellants who have failed to comply with the rules of appellate procedure," Dissenting Op. at 21, it does not contest that MLTF meets both elements of the test we articulated in *Lolli*. Accordingly, we choose to exercise our discretion and

consider in this appeal the merits of Judge Ware's underlying fee award.**[2]**

## II.  The Underlying Fee Award

### A.  Applicable Law

A party seeking attorney fees in a FOIA action must show that it is both eligible for, and entitled to, such fees. *Church of Scientology v. U.S. Postal Servs.*, 700 F.2d 486, 489 (9th Cir. 1983).  A party is eligible for attorney fees if it "substantially prevailed" in the litigation.  *Id.* (quoting 5 U.S.C. § 552(a)(4)(E)).  If a party is eligible for attorney fees, the determination of entitlement is within the sound discretion of the trial court. *Id.* at 492.  In exercising such discretion, the district court must consider: "(1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law."  *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991).

The "customary method" for awarding fees is the lodestar method, which is performed by multiplying the number of hours reasonably expended by the prevailing party in the litigation by a "reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  There is a "strong presumption" that the lodestar figure represents a

---

**[2]** MLTF's appeal remains timely.  While MLTF would ordinarily have thirty days from entry of the fee award to appeal, if a motion to amend judgment is filed, the thirty days does not begin to run until the motion is decided.  Fed. R. App. P. 4(a)(4).

reasonable award, and the figure should only be departed from "if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." *Long*, 932 F.2d at 1314 (internal quotation marks omitted).

The district court must "provide a . . . detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate.'" *Hall v. Bolger*, 768 F.2d 1148, 1151 (9th Cir. 1985) (quoting *Blum v. Stenson*, 465 U.S. 888 (1984)). Though the district court generally possesses a "superior understanding of the litigation," "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To determine a "reasonable hourly rate," the district court should consider: "experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The reasonable rate should generally be guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210–11 (citing *Blum*, 465 U.S. at 895 n.11 (1984)).

The burden is on the fee applicant to produce evidence "that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Blum*, 465 U.S. at 895 n.11). In general, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate

determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The resulting lodestar figure is "presumed to be [a] reasonable fee." *Blum*, 465 U.S. at 897. The district court may nonetheless consider other factors in determining whether to adjust the fee award upward or downward. *Chalmers*, 796 F.2d at 1212. However, the district court should explain why the adjustment was appropriate. *Hall*, 768 F.2d at 1151.

## B. Calculation of the Reasonable Rate

Consistent with its burden, MLTF provided substantial evidence of the prevailing market rate for the applicable periods. In addition to affidavits from each of the attorneys attesting to the reasonableness of their rates, MLTF also supported its application by reference to comparable fee awards, including:

- A 2009 fee award for $350 an hour to Colleen Flynn;

- A 2011 fee award for $500 an hour to a 2001 law graduate;

- A 2008 fee award for $695 an hour to a 1978 law graduate;

- A 2010 fee award for $675 an hour to a 1995 law graduate;

• A 2010 fee award for $440 an hour to a 2008 law graduate.

Despite the evidence provided by MLTF, the court below chose instead to rely on two district court opinions, *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010), and *Pande v. ChevronTexaco Corp.*, No. C 04-05107 JCS, 2008 WL 906507 (N.D. Cal. Apr. 1, 2008), in determining the prevailing market rate. This authority was not apposite. In *Blackwell*, the court was considering the prevailing market rate for a 2002 graduate performing legal work in 2007 and 2008. 724 F. Supp. 2d at 1082. And in *Pande*, the court was considering the prevailing market rate for a 2004 graduate performing legal work in 2007. 2008 WL 906507, at *5.[3]

In justification of the rates that it found reasonable, the court below said that "Plaintiffs fail to provide evidence of prevailing market rates in this forum during the time period at issue." *Hiken*, 2012 WL 3686747, at *5. In view of the evidence in the record discussed above regarding MLTF's rates, we cannot agree with this conclusion. As our case law makes clear, it is incumbent upon the district court to provide a "concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

The Government argued below that the court had, in fact, reviewed and considered the evidence of prevailing historical rates in the community, but "simply concluded that [those]

---

[3] Here, MLTF sought fees for attorneys graduating in 2002, 2004, 2005, and 2006. The dissent faults our reasoning because "[n]ot one of the referenced cases arose under the Freedom of Information Act, as does this case." Dissenting Op. at 23. The same is true, however, of each of the cases relied upon by the district court.

declarations did not provide sufficient evidence of the prevailing rates." Defendants' Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge at 6, *Hiken*, 2013 WL 4496336 (No. 06-cv-02812-YGR), ECF No. 140. The Government, however, appears to have shifted its approach on appeal, arguing instead, as the district court held, that MLTF forfeited its opportunity to argue for historical rates by only advocating in its brief for current rates. We cannot accept this argument.

We have articulated the burden for each side in a fee application: "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Camacho*, 523 F.3d at 980. Conversely, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The Government asks us to impose an additional limitation on fee applicants: namely, that they are foreclosed from pointing out a misapplication of a historical rate calculation if they only requested current rates in an initial application. We do not believe that such an additional burden would be warranted. From time to time, fee applicants request awards higher than that which the evidence may, upon close review by a neutral judge, fairly permit. But a fee applicant's decision to request a higher rate does not permit a court to disregard different rates if the evidence in the record supports them.

The cases cited by the Government only stand for the obvious proposition that a court is not required to "manufacture arguments" on behalf of litigants. *See Indep.*

*Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *Wilson v. Gray*, 345 F.2d 282, 290 (9th Cir. 1965); *see also United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012). Contrary to the dissent's insistence, none of these cases suggests that a district court reviewing a fee application is relieved of its obligation to calculate a reasonable rate based on record evidence of prevailing historical rates merely because the applicant has argued for a current rate higher than the district court chooses to allow.

To be sure, MLTF might have been more careful to alert the district court of the substantial evidence of prevailing historical rates in the declarations, but there is no question here that the evidence was properly submitted to the district court. Furthermore, the fact that MLTF cited to the relevant declarations in its moving papers is not consistent with the Government's position that the pertinent evidence was buried in an impenetrable record. Accordingly, we vacate the district court's fee award and remand for a recalculation of the appropriate rate.[4]

Because we vacate and remand the district court's initial award of fees, MLTF's appeal from the district court's denial of its motion to amend the judgment is now moot. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

---

[4] We note that the Magistrate's fee calculation, while not controlling on remand, may serve as an appropriate roadmap for the district court. The resulting fee award, upon full briefing by both parties, may be greater or less than the recommended award from the Magistrate.

## III.    Fees for Services Rendered on Appeal

MLTF requests that we award it costs and attorney fees expended in making this appeal.  As a general rule, a party entitled to attorney fees as a matter of statute is similarly entitled to fees accumulated in "establishing and negotiating his rightful claim to the fee." *Se. Legal Def. Grp. v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978)).

The Government argues that any request for fees related to this appeal is premature because even if we vacate and remand, the district court may still, after review of the evidence and exercise of its discretion, award the same sum. We disagree.   In *United Steelworkers*, we vacated and remanded a fee award, instructing the district court to recalculate the appropriate fee. 896 F.2d at 407–08. In doing so, we noted that plaintiffs were nonetheless entitled to fees for the time spent on the appeal. *Id.* at 408.  The Government has not challenged, on this appeal, MLTF's eligibility for and entitlement to attorney fees.  Thus, there is no question that MLTF falls  within the class of litigants entitled to attorney fees on appeal, and MLTF may request attorney fees on appeal in accordance with Ninth Circuit Rule 39-1.6.[5]

---

[5] MLTF has also requested fees related to its motion to amend judgment below.  We leave the award and calculation of those fees to the sound discretion of the district court.

## CONCLUSION

The fee award of the district court is **VACATED**, and the matter is **REMANDED** for recalculation of attorney fees in a manner consistent with this opinion.

---

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent for two reasons:  1) Military Law Task Force (Task Force) failed to appeal the district court's fee award; and 2) the district court acted within its discretion in calculating the fee award.

1.  *Task Force failed to appeal the district court's fee award*.

As the majority candidly acknowledges, the "notice of appeal is plainly deficient."  *Majority Opinion*, p. 11. Specifically, Task Force's notice of appeal contained absolutely no mention of the underlying fee award.  Rather, it referenced only the district court's denial of the motion for reconsideration.

The majority relies upon the case of *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003) and the cases cited in *Lolli*.  *See Majority Opinion*, p. 11–12.  However, a closer reading of the cases cited in *Lolli* reveals the existence of factual circumstances that are not present in this case.

In *United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002), we expressed our belief that "all parties understood that the government was appealing the dismissal

of the Indictment following denial of a motion to reconsider." No such understanding existed in this case.

In *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987), we observed that "[i]n denying [the] post-judgment motion, the district court incorporated the prior order . . ." No similar incorporation of the prior order accompanied the district court's denial of Task Force's motion for reconsideration.

I am not persuaded that the "fair inference" of an intent to appeal should be so facilely bestowed upon Appellants who have failed to comply with the rules of appellate procedure. I would hold that Task Force failed to appeal the underlying fee award.

As the majority acknowledges, Task Force argued only for fees based on the current billing rates for its attorneys. Task Force made absolutely no argument for fees predicated upon prevailing historic market rates for the pertinent geographical area and time period. *See Majority Opinion*, p. 4. Yet, the majority essentially holds that it was incumbent upon the district court judge to award fees based upon an argument that was never made by Task Force. *See id*. at 17–18.

Until today, we had not required a district court to rule on an argument that was never presented. Indeed, our precedent is to the contrary. We have consistently ruled that a party forfeits any argument not made to the district court. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012) ("[A]n appellant waives arguments by failing to raise them in

the district court . . .") (citation omitted); *see also Li v. Kerry*, 710 F.3d 995, 1000 n.4 (9th Cir. 2013).[1]

2. *The district court acted within its discretion in calculating the fee award.*

Our review of the reasonableness of an attorney fee award is for an abuse of discretion. *See United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1104 (9th Cir. 2015).

The majority points to the inclusion of a declaration of Carol Sobel setting forth fee awards in various court cases in the Los Angeles area. *See Majority Opinion*, p. 16–17. However, the majority's reliance on these fee awards is problematic for two reasons: 1) the data provided was proffered for the purpose of supporting Task Force's request for an award of its current billing rates, and 2) the district court was not required to accept the proffered rates as controlling.

Notably, Task Force never argued that the rates set forth in the Sobel declaration established prevailing market rates for 2006 to 2008. Rather, Task Force relied on the rates in the declaration as support for an award of its current rates, particularly since the rates in the declaration encompassed 2008–2011, as opposed to the pertinent years of 2006–2008.

More importantly, the district court was not required to accept these rates as prevailing market rates for 2006–2008, not only because the rates were for different years, but also

---

[1] The majority opinion completely ignores the holding of these cases and permits Task Force to appeal on a basis that was never presented to the district court.

for different types of cases. Not one of the referenced cases arose under the Freedom of Information Act, as does this case.**[2]** Rather, the rates cited were awarded in "a recent large class-action First Amendment case," "a consumer class action," and civil rights litigation. Absent a showing that the fees were earned in cases that were analogous to litigation under the Freedom of Information Act, the district court was not obligated to accept these rates as historical market rates. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) ("[B]illing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.") (citations omitted).

In summary, because Task Force did not appeal the underlying fee award, and because the district court acted within its discretion in determining the appropriate fee award, I would affirm.

---

**[2]** The majority seeks to minimize this discrepancy by pointing to the cases relied on by the district court. *See Majority Opinion*, p. 16 n.3. However, if non-Freedom of Information Act cases do not support the district court's decision, they do not become magically more persuasive because they are cited by the majority.