NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON CHAPMAN, | No. 19-16732 |
| Plaintiff-Appellee, | D.C. No. 5:16-cv-02893-EJD |
| v. | |
| RAKESH S. PANCHAL; MANISAH R. PANCHAL, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| MUNDO'S CAFE; et al., | |
| Defendants, | |
| and | |
| NJ PROPERTIES INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 14, 2021[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision

San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

Appellants Rakesh S. Panchal, Manisah R. Panchal, and NJ Properties, Inc. (collectively, "NJ") appeal the district court's order granting Appellee Chapman's counsel $42,545 in attorney's fees, $2,048.42 in litigation expenses, and $419.50 in litigation costs. Because we find that Chapman was a "prevailing party" under 42 U.S.C. § 12205 and that the district court's award was reasonable, we affirm.[1]

1. The district court did not err in concluding that Chapman was the "prevailing party" under 42 U.S.C. § 12205. A party prevails when the legal relationship between the parties is materially altered. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000); *see also Farrar v. Hobby*, 506 U.S. 103, 111 (1992). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Fischer*, 214 F.3d at 1118 (second alteration in original). "A settlement agreement," in particular, "meaningfully alters the legal relationship between parties if it allows

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We have jurisdiction under 28 U.S.C. § 1291 and assume familiarity with the facts, procedural history, and issues on appeal. We review the district court's order granting attorney's fees for an abuse of discretion, its legal analysis de novo, and its factual findings for clear error. *See Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002).

2

one party to require the other party 'to do something it otherwise would not be required to do.'" *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (quoting *Fischer*, 214 F.3d at 1118). Thus, for purposes of attorney's fees "a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant." *Barrios*, 277 F.3d at 1134.[2] A district court's decision to "retain jurisdiction over the issue of attorneys' fees" is also dispositive. *Id.* at 1134 n.5; *Richard S. v. Dep't of Developmental Servs. of Cal.*, 317 F.3d 1080, 1087 (9th Cir. 2003). Here, the parties' settlement agreement is enforceable in the event of default,[3] which requires NJ "to do something it otherwise would not be required to

---

[2] NJ is incorrect that *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) forecloses the district court's conclusion that a private settlement could give rise to prevailing party status. *Buckhannon* does seem to limit "prevailing party" status to situations where a party receives a "judgment on the merits" or enters into a "settlement agreement[] enforced through a consent decree." *Id.* at 603–04; *see also id.* at 604 n.7 (noting that private settlement agreements would not fall into either delineated situation). This court has repeatedly not followed what it considers dictum from *Buckhannon*, instead holding that a party can prevail so long as a private settlement agreement is legally enforceable. *See, e.g.*, *Jankey*, 537 F.3d at 1129–30; *Richard*, 317 F.3d at 1086; *Skaff v. Meridien North America Beverly Hills*, LLC, 506 F.3d 832, 844 (9th Cir. 2007) (per curiam); *Barrios*, 277 F.3d at 1134, 1134 n.5. We are bound by these cases interpreting *Buckhannon*. *See Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

[3] The record is unclear whether NJ's promise to make architectural changes is also enforceable under the settlement agreement, though the district court seemed to think it was. The answer to this question is likely irrelevant, however, as NJ has already satisfied its equitable promises, leaving the remaining monetary aspect of the agreement enforceable in the event of default.

3

do." *See Jankey*, 537 F.3d at 1130 (quoting *Fischer*, 214 F.3d at 1118). Furthermore, the district court expressly retained jurisdiction over the attorney's fee issue. Thus, the settlement agreement created a "material alteration of the [parties'] legal relationship," *see Fischer*, 214 F.3d at 1118, making Chapman the "prevailing party" under 42 U.S.C. § 12205.[4]

2. The district court's award was not unreasonable. Regardless of whether NJ challenged the fee request or hours billed below, NJ provides no arguments as to why the district court's award was an abuse of discretion. Contrary to NJ's assertion otherwise, Chapman's attorney provided twelve pages that detailed his time spent on legal services in one-tenth hour increments, and the district court relied on these logs when making its determinations. Further, the district court properly considered whether "the requested *rates* are in line with those prevailing in the community" for similar services, *see Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (emphasis added), not, as NJ contends, whether the overall fee is comparable to

---

[4] NJ's arguments to the contrary are unpersuasive. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n*, 489 U.S. at 792–93. The touchstone is not, as NJ claims, whether the $20,000 payment was a "payment for damages" or a "settlement payment only," whether NJ admitted liability, whether the court signed the agreement, whether the district court made a merits determination, or whether the case was dismissed with prejudice. "Through [Chapman's] legally enforceable settlement agreement and the district court's retention of jurisdiction, [Chapman] obtained a 'judicial imprimatur' that alters the legal relationship of the parties . . . ." *See Richard*, 317 F.3d at 1088.

similar cases. Nor should the district court have denied the award request based on the simplicity of the case or the settlement amount. A "prevailing party . . . should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," *Barrios*, 277 F.3d at 1134, such as when the victory is "purely technical or *de minimis*," *id.* at 1135. This case presents no such circumstances, nor does the record contain anything suggesting the district court's findings were clearly erroneous.

**AFFIRMED.**