**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

E. RANDOL SCHOENBERG,
 *Plaintiff-Appellant*,

v.

FEDERAL BUREAU OF
INVESTIGATION,
 *Defendant-Appellee.*

No. 20-55607

D.C. No.
2:18-cv-01738-
JAK-AGR

OPINION

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 11, 2021[*]
Pasadena, California

Filed June 30, 2021

Before:  John B. Owens, Ryan D. Nelson, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge R. Nelson

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Freedom of Information Act / Attorney's Fees**

The panel affirmed the district court's order denying plaintiff's request for attorney's fees following his successful suit under the Freedom of Information Act ("FOIA") to obtain redacted information from the Federal Bureau of Investigation related to a 2016 search warrant, investigating then-Secretary of State Hillary Clinton's email practices.

A plaintiff must show entitlement to fees, and four factors inform the entitlement inquiry. The district court held that the first three factors – public benefit, plaintiff's commercial benefit, and the nature of plaintiff's interest in the information – favored fees. As to the fourth factor – the legal reasonableness of the FBI's withholding – the district court held this factor disfavored fees and outweighed the other factors. The district court concluded that plaintiff was a prevailing party for attorney's fees under FOIA, but denied fees after balancing the relevant factors.

The panel reviewed the district court's denial of attorney's fees under FOIA for abuse of discretion.

Concerning whether the fourth entitlement factor favored fees, the panel held the FBI was reasonable to think that the District Court for the Southern District of New York ("SDNY")'s order sealing the warrant and its related

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

materials limited its ability to disclose information to plaintiff. The panel held that because the FBI's reliance on the SDNY sealing order was reasonable, the district court's same conclusion was reasonable too.

Concerning whether the district court erred in balancing the factors, the panel held that the district court did not abuse its discretion in analyzing the individual factors. The panel held further that the record did not suggest that this was a rare case when reversal was warranted. Accordingly, the district court reasonably held that the fourth factor outweighed the other three factors.

---

## COUNSEL

Paul D. Murphy and Jodi M. Newberry, Murphy Rosen LLP, Santa Monica, California, for Plaintiff-Appellant.

Nicola T. Hanna, United States Attorney; Daniel Tenny and Joseph F. Busa, Appellate Staff; Civil Division, United States Department of Justice, Washington, D.C.; for Defendant-Appellee.

**OPINION**

R. NELSON, Circuit Judge:

After a successful suit under the Freedom of Information Act ("FOIA"), E. Randol Schoenberg obtained redacted information related to a 2016 search warrant, investigating then-Secretary of State Hillary Clinton's email practices. Though Schoenberg was a prevailing party eligible for attorney's fees under FOIA, the district court denied fees after balancing the relevant factors. Applying our deferential standard of review, we affirm.

I

In October 2016, the District Court for the Southern District of New York ("SDNY") issued a search warrant as part of a confidential investigation into then-Secretary Clinton's email practices. Specifically, the warrant allowed the FBI to recover emails on former Congressman Anthony Weiner's laptop. To further the "confidential nature of this investigation," the FBI asked the SDNY to seal the warrant and its related materials "until the Court orders otherwise." The SDNY granted the request.

Schoenberg filed a FOIA request with the FBI, seeking to obtain the warrant, the application for the warrant, the supporting affidavit, and the warrant receipts ("warrant materials"). Schoenberg also asked the SDNY to unseal the warrant materials. The FBI agreed to unseal but asked the SDNY to redact Weiner's and an FBI agent's identifying information. Again, the SDNY granted the FBI's request. But the SDNY also independently redacted other information about Weiner's wife "to protect a person, who ha[d] not been publicly identified by the government" and because "the strong common law presumption of access

ha[d] been overcome" by countervailing privacy interests. The SDNY then placed the redacted warrant materials on its public docket ("first release").

When the FBI gave Schoenberg a copy of the first release, it justified the redactions because (1) they fell within FOIA Exemption 7(C) as disclosure could invade reasonable expectations of privacy; and (2) they were part of sealed court records, ineligible for release under FOIA. Schoenberg administratively appealed, and the FBI denied the request on the same grounds.

In March 2018, Schoenberg filed a FOIA suit in the Central District of California to obtain the information redacted in the first release. Around that time, the Office of the Inspector General was working on a report that related, in part, to the warrant materials ("2018 IG Report"). So the FBI asked the SDNY to unseal some of the information redacted in the first release to facilitate the 2018 IG Report's publication. The SDNY granted the request, redacting only the FBI agent's name and Weiner's wife's personal email address ("second release"). The FBI sent Schoenberg a copy of the second release, and the 2018 IG Report went public.[1]

Back in the Central District of California, Schoenberg moved for attorney's fees under FOIA, arguing he had "substantially prevailed" by obtaining the information disclosed between the first and second releases. *See* 5 U.S.C. § 552(a)(4)(E). The district court recognized that Schoenberg was not responsible for all the unredactions

---

[1] After the second release, the Central District of California granted the FBI's motion for summary judgment in Schoenberg's FOIA suit on the remaining redactions, and we affirmed. *Schoenberg v. FBI*, No. LA CV18-01738, 2019 WL 2605629 (C.D. Cal. Apr. 29, 2019), *aff'd*, 820 F. App'x 609 (9th Cir. 2020).

since the 2018 IG Report had disclosed most of the same information.  Instead, Schoenberg was only responsible for the information unredacted in the second release but not included in the 2018 IG Report.  This information consisted of an FBI agent's background information, identifying information of Weiner and his wife, and Weiner's laptop serial and service tag numbers ("unredacted information").

Analyzing Schoenberg's eligibility for fees, the district court held that the FBI's reasons for withholding the unredacted information were legally insufficient.  In other words, the SDNY sealing order and Exemption 7(C) did not justify the FBI's decision to withhold unredacted information from Schoenberg.  As to Schoenberg's entitlement, however, the district court held that the relevant factors balanced against awarding fees.  The first three factors—public benefit, Schoenberg's commercial benefit, and the nature of Schoenberg's interest in the information—favored fees.  But the fourth factor—the legal reasonableness of the FBI's withholding—disfavored fees and outweighed the other factors.  Schoenberg appealed.

## II

We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's denial of attorney's fees under FOIA for abuse of discretion and questions of law de novo.  *See Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016).  Generally, abuse of discretion review means we will not reverse unless "the district court reaches a result that is illogical, implausible, or without support in inferences that may be drawn from the record."  *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (citation omitted).

III

FOIA allows courts to assess "reasonable attorney fees and other litigation costs" against the federal government when a plaintiff has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). This occurs when a plaintiff obtains information as part of a FOIA suit through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral change in position by the agency." *Id.* § 552(a)(4)(E)(ii). If a plaintiff substantially prevails, the plaintiff is eligible for fees. *Id.* § 552(a)(4)(E).

That said, granting fees to an otherwise eligible plaintiff is still "within the sound discretion of the trial court." *Hiken*, 836 F.3d at 1044 (citation omitted); *see also* 5 U.S.C. § 552(a)(4)(E)(i) (a district court "may assess" fees even if a plaintiff substantially prevails). Thus, a plaintiff must show entitlement to fees as well. *Hiken*, 836 F.3d at 1043. Four factors inform this entitlement inquiry: "(1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law." *Id.* at 1044 (citation omitted). These factors are not exhaustive. "[T]he court may take into consideration whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate." *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991) (per curiam) (internal quotation marks and citation omitted).

We have not previously explained how abuse of discretion review applies in the FOIA attorney's fees context. We find the two-step approach in *Morley v. CIA*, 894 F.3d 389 (D.C. Cir. 2018) (per curiam), persuasive.

First, "we review for abuse of discretion the district court's analysis of each of the four individual factors." *Id.* at 391. Second, "we review for abuse of discretion the district court's balancing of the four factors." *Id.*

On appeal, the parties do not dispute Schoenberg's eligibility or that the first three entitlement factors favored fees. Instead, this case turns on two issues: whether the fourth entitlement factor favored fees and whether the district court erred in balancing the factors. We see no error on either issue and affirm the denial of attorney's fees.

A

Under the fourth entitlement factor, "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 n.6 (9th Cir. 1983) (citation omitted), *abrogated in part on other grounds as recognized in First Amendment Coal. v. U.S. Dep't of Just.*, 878 F.3d 1119, 1127 (9th Cir. 2017). Thus, an agency must "analyze the relevant law" and base its nondisclosure on legal authority that reasonably applies. *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Loc. 598 v. Dep't of Army, Corps of Eng'rs*, 841 F.2d 1459, 1463 (9th Cir. 1988), *abrogated in part on other grounds as recognized in First Amendment Coal.*, 878 F.3d at 1126. Similarly, the district court must decide whether it was reasonable for the agency to rely on that authority. *Id.* The district court can only consider authority the agency relied on and any contrary authority the plaintiff cites. *Id.* Again, the lodestar of this analysis is not whether the agency was correct, but whether the application of its legal basis was

"colorable."  *Church of Scientology*, 700 F.2d at 492 n.6 (citation omitted).

As a reviewing court, our analysis is slightly different. Instead of analyzing an agency's reasonableness in the first instance, we review whether the district court was reasonable in its conclusions.  *See Hiken*, 836 F.3d at 1042. As the D.C. Circuit in *Morley* put it: "The question for us is whether the District Court *reasonably* (even if incorrectly) concluded that the agency *reasonably* (even if incorrectly) withheld documents."  894 F.3d at 393.  Thus, our review of the district court's fourth-entitlement-factor determination is highly deferential.

Schoenberg argues that the district court failed to explain why the FBI's reliance on Exemption 7(C) and the SDNY sealing order was reasonable.  Though the district court's analysis was not expansive, we can affirm the denial of attorney's fees "on any ground supported by the record." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) (citation omitted).  And here, the record supports the finding that the FBI reasonably relied on the SDNY sealing order to withhold the unredacted information from Schoenberg.[2]

In its correspondence to Schoenberg, the FBI cited *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375 (1980), for the proposition that the SDNY sealing order disallowed disclosure under FOIA.  And as Schoenberg points out, the FBI's nondisclosure policy stems

---

[2] Schoenberg also argues that the FBI's reliance on Exemption 7(C) was unreasonable.  Because an agency needs only "*a* reasonable basis in law," *Hiken*, 836 F.3d at 1044 (emphasis added) (citation omitted), our analysis of the SDNY sealing order answers the issue presented.

in part from *Morgan v. U.S. Department of Justice*, 923 F.2d
195 (D.C. Cir. 1991). Applied to the facts surrounding the
SDNY sealing order, these cases reasonably justified the
FBI's decision to withhold the unredacted information.

*GTE Sylvania* held that when an agency is enjoined from
disclosing information, it has "no discretion . . . to exercise."
445 U.S. at 386. Thus, the agency could not have
"improperly" withheld documents under FOIA because it
could not disclose them in the first place. *Id.*; *see also*
5 U.S.C. § 552(a)(4)(B). An injunction prevents disclosure
under FOIA "even if [an agency] ha[s] proper grounds to
object to the order." *GTE Sylvania*, 445 U.S. at 386
(citations omitted).

*Morgan* explained how *GTE Sylvania* applies to a court
sealing order. In that case, the district court had dismissed
the FOIA action solely because the requested records were
under court seal. 923 F.2d at 195. But the D.C. Circuit
reversed, holding "that the mere existence of a court seal is,
without more, insufficient to justify nondisclosure under the
FOIA." *Id.* at 199. Instead, a sealing order only justifies
nondisclosure if it is "intended to operate as the functional
equivalent of an injunction prohibiting disclosure." *Id.* To
determine a sealing order's intended function, a court
considers the totality of the circumstances, including the
sealing order, transcripts and papers filed with the sealing
court, sealing orders in similar cases, and the issuing court's
general rules governing sealed records. *Id.* at 198.
Ultimately, this analysis boils down to two inquiries:
(1) Does the agency have discretion to disclose the
information under seal? And (2) would disclosing the
information show disrespect for the judicial process? *Id.*
at 197–98.

Correct or not, the FBI's reliance on the SDNY sealing order was reasonable. Initially, the FBI asked the SDNY to seal the warrant materials. The FBI then asked the SDNY to remove the seal with few exceptions. The SDNY could have simply granted that request. But it independently redacted additional information, repeatedly explaining how privacy interests other than the government's justified redacting that information. Put differently, the SDNY did not leave parts of the warrant materials sealed because of the FBI's requests alone; it had additional and independent reasons to protect the redacted information in the first release. The FBI was therefore not unreasonable to think its discretion to disclose the redacted information was limited or that disclosing without permission would offend the judicial process. Otherwise, why did the FBI ask the SDNY for further unredactions before publishing the 2018 IG Report?

Whether obligated or acting out of comity for another branch of government, the FBI was reasonable to think the SDNY sealing order limited its ability to disclose information to Schoenberg. *See Morgan*, 923 F.2d at 197–98. And because the FBI's reliance on the SDNY sealing order was reasonable, the district court's same conclusion was reasonable too.

## B

Schoenberg also argues that the district court abused its discretion in balancing the four factors. True, the first three factors favored fees and only the fourth disfavored fees. But the district court acted within its discretion to deny Schoenberg fees.

Though a district court has discretion to balance these factors, we have not clarified how to review that balancing when, as here, the factors point in different directions. *See*

*Church of Scientology*, 700 F.2d at 492 & n.6. Again, we find *Morley* instructive. A district court's discretion is "very broad" when the factors point in different directions. *See Morley*, 894 F.3d at 391–92. And so long as the district court did not abuse its discretion in analyzing each individual factor, "it will be the rare case" that we reverse a district court's balancing analysis. *Id.* We owe this deference precisely because the four factors are not equally weighted— they each involve a sliding scale, allowing one or more factors to outweigh the others. Thus, unless the rare case presents itself where we have a "definite and firm conviction" that the district court clearly erred, we leave the relative weighing of those sliding scales to the district court. *United States v. Mixon*, 930 F.3d 1107, 1110 (9th Cir. 2019) (citation omitted).

The district court did not abuse its discretion in analyzing the individual factors. *See supra* Part III.A. And the record does not suggest this is a rare case when reversal is warranted. If anything, the district court's balancing was reasonable. In *Morley*, though the first three factors favored fees, the agency's bases in law were "hardly unreasonable" and "tilted the balance in favor of denying attorney's fees," even if ultimately incorrect. 894 F.3d at 394, 396. The same is true here. Accordingly, the district court here reasonably held that the fourth entitlement factor outweighed the other three.[3]

---

[3] Schoenberg also argues the district court contradicted itself. We disagree. The district court described the unredacted information as "significant to the public," but later said that the public benefit was "limited." These statements are not inherently contradictory. It was well "within [the] broad range of permissible conclusions" to conclude that the unredacted information, while holding some quantum of public significance, conferred only a limited public benefit. *See Kode v.*

IV

The district court reasonably concluded that the FBI reasonably based its nondisclosure on the SDNY sealing order. The district court also acted within its discretion in balancing the four entitlement factors.

**AFFIRMED.**

---

*Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam) (citation omitted).