NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D.R., a deceased minor by and through her successor in interest John Freeman; JOHN FREEMAN; CRISTINA RAMIREZ, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF CONTRA COSTA; TASHA MIZEL, <br><br> Defendants - Appellees, <br><br> and <br><br> MARCIE FRANICH, BRIAN S. STERN, <br><br> Defendants. | No. 24-6031 <br><br> D.C. No. 3:19-cv-07152-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted January 8, 2026
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kiyo A. Matsumoto, United States District Judge for

D.R., Cristina Ramirez, and John Freeman (collectively, "Appellants") appeal the district court's (1) dismissal of their *Monell* claim against Contra Costa County ("County") for the seizure of D.R. without a warrant; (2) dismissal of their claim against Tasha Mizel[1] for failure to protect D.R.; and (3) denial of their motion for relief under Federal Rule of Civil Procedure ("Rule") 60(b) regarding the dismissal of their *Monell* claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1.     Local governments are liable under Section 1983 where the alleged constitutional deprivation was the product of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). At the pleading stage, a plaintiff asserting municipal liability must allege "plausible facts supporting such a policy or custom." *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

The district court correctly dismissed Appellants' *Monell* claim. Appellants' allegations in their Third Amended Complaint ("TAC") regarding the County's policies are "bare assertions" and a "formulaic recitation of" the policy requirement for *Monell* liability, and the "conclusory nature of [these] allegations .

the Eastern District of New York, sitting by designation.

[1] Appellants do not contest the dismissal of the failure to protect claim against the Doe defendants and the Contra Costa Department of Children and Family Services ("DCFS").

. . disentitles them to the presumption of truth." *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The only underlying factual allegations to plausibly support that the County had a policy of warrantless seizure are the facts regarding D.R.'s seizure. Factual allegations about one incident, however, raise only a "sheer possibility" that the County had a policy of warrantless seizure, *see id*. at 678, rather than "plausible facts," *see AE*, 666 F.3d at 637.

Appellants' primary argument on appeal is that the TAC included "a footnote reference to a training manual obtained . . . in another civil case in the same District showing that there was no mentioning of [an] alternative [less] intrusive method" to warrantless seizure. This manual was not attached to the TAC, and Appellants did not allege their contents in the TAC. But even considering the manual, which was submitted as an exhibit in Appellants' opposition to the motion to dismiss, it does not plausibly support a finding that the County had a policy of warrantless seizure. On the contrary, the manual states in its "Policy" section that:

> Absent a prior court order or an emergency, consent must be obtained before . . . seizing a child. Case law holds that emergency removals of children require the probable cause standard that the child is in immediate danger of 'serious' harm. This policy refers to emergency removals of children, or exigent (i.e., emergency) situations during investigations, which means imminent danger of serious harm.

The manual therefore does not support Appellants' conclusory allegation that the County had a policy or custom of warrantless seizure. *See AE*, 666 F.3d at 637.

2.     The district court erred, however, in dismissing Appellants' failure to protect claim (Count 3 of the Third Cause of Action in the TAC) against Mizel. For a social worker to be liable for failure to protect a dependent child, they must "act with such deliberate indifference to the liberty interest that their actions shock the conscience." *See Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th Cir. 2010) (citation modified).  To act with deliberate indifference means "recogniz[ing] the unreasonable risk and actually intend[ing] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021) (citation modified). In other words, the state actor "needs to know that something is going to happen but ignore the risk and expose the plaintiff to it." *Id.* at 1158–59 (citation modified).

Here, Appellants alleged facts to plausibly support a finding that Mizel acted with deliberate indifference to D.R.'s safety. *See Tamas*, 630 F.3d at 844. Specifically, Appellants allege that "Mizel knew but ignored the fact that the DockATot, because of its construction, is fatally dangerous if D.R. was swaddled and put in it unsupervised" because D.R. could turn over and suffocate to death. And Appellants allege that "Mizel knew one month before the death that infant D.R. had managed to roll over on her stomach on her own and that she was often swaddled tightly (which was unusual for a four-month old child) and that the

DockATot was used at the foster home."

Assuming, as we must, that these allegations are true and drawing all reasonable inferences in Appellants' favor, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), these allegations could plausibly support a finding that Mizel knew that D.R. would be placed in a DockATot unsupervised and ignored the risk of asphyxiation, *see Herrera*, 18 F.4th at 1158–59. We therefore reverse the district court's dismissal of the failure to protect claim against Mizel.

3. Under Rule 60(b), a court may "relieve a party [from] a final judgment, order, or proceeding" for six specified reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. Proc. 60(b)(3). We review a district court's decision on Rule 60(b) motions for abuse of discretion, *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005), and we hold that the district court did not abuse its discretion here in denying Appellants' motion.

Appellants refer to evidence they "obtained during discovery," which they contend "show[ed] no reference to any policy or procedure related to a warrant dated before 2019" and that DCFS "changed its policy in compliance with the warrant requirement" in 2019 because of another lawsuit. Appellants contend that Appellees' counsel knew of that evidence and made a misrepresentation to the court by contending that the County had a "valid warrant policy" in the reply brief

to Appellants' opposition to the motion to dismiss.

Appellants' contention misunderstands the law. Whether or not the County had a policy of warrantless seizure is a disputed fact so Appellees' counsel did not make a misrepresentation to the court. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1169 (9th Cir. 2017) ("[A] finding of fraud on the court is reserved for material, intentional misrepresentations."). In any event, Appellants' *Monell* claim was dismissed not due to any alleged misrepresentation but because Appellants did not allege sufficient facts of a municipal policy. *See Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) ("To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct." (citation modified)). Because the district court did not "reach[] a result that is illogical, implausible, or without support in inferences that may be drawn from the record," it did not abuse its discretion in denying Appellants' Rule 60(b) motion. *See Schoenberg v. FBI*, 2 F.4th 1270, 1275 (9th Cir. 2021).

**AFFIRMED in part; REVERSED in part and REMANDED.**[2]

---

[2] Each party shall bear its own fees and costs.